IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LINDA MATLOW, | ) | |
| Plaintiff, | ) ) ) | Civil. No. 04-6109-HO |
| v. | ) ) ) | ORDER |
| CRAIG SOLOMON, an individual, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff brings this action for copyright infringement. Plaintiff is a professional photographer and owns copyrights to various photographs of musicians Aaron Carter and Stevie Ray Vaughan. Plaintiff alleges that pro se defendant Craig Solomon offered to sell unauthorized copies of these photographs by listing them on the eBay internet auction web site. Plaintiff seeks a declaration that defendant's conduct violates plaintiff's copyrights and an injunction preventing defendant from copying and

publishing the copyrighted images. Plaintiff further seeks an accounting of profits defendant derived from selling the images and an award of award of actual and statutory damages.

Defendant moves to dismiss arguing:

1. "[T]his case is not 'for a sum certain or for a sum which can by computation are made certain,' because this is a matter where actual damages need to be proven and the plaintiff's own testimony ... show clearly that no actual damages have been incurred."

2. The Defendant has no funds, and will be filing bankruptcy if anything is found in favor of the Plaintiff."

3. "[T]he case [is] without merit and also in the wrong venue."

4. "[T]he images belonging to Matlow were offered on a website called Wireimage and a website called Rex Features wherein the plaintiff's own documents state that Solomon did not have access or accounts on those websites and had no opportunity to purchase any photograph from either company." Accordingly, plaintiff contends he did not copy the images.

5. Defendant "did not have access to the required items to copy."

6. The court has already ruled that actual damages need be proven and there are no actual damages.

7. Defendant did not sell the images and quickly removed the images from sale upon notice and destroyed them.
8. The case should be "dismissed based on federal rule 17 whereas the plaintiff has no evidence and this case is pure supposition hoping for a cash windfall clearly designed at being egregious and punitive."

The motion appears to seek summary judgment rather than dismissal for failure to state claim. Venue is appropriate in this case. Fed. R. Civ. P. 17 does not provide a basis for dismissal in this case.

Although the motion is untimely as defendant filed it after the dispositive motion deadline and defendant failed to confer, the court considers the motion as seeking summary judgment. Construing the motion as seeking summary judgment, defendant fails to demonstrate the absence of a genuine issue of fact for trial. Plaintiff is seeking statutory damages and the court has not precluded such damages. In addition, plaintiff alleges damages as a result of defendant offering to sell the copyrighted photos at cut rate prices.

Defendant's financial condition has no bearing on the merits of plaintiff's case.

The court previously found with respect to plaintiff's motion for summary judgment:

> defendant can not legitimately dispute that he attempted to distribute copies of the copyrighted work to the

> public by sale. Nor does defendant dispute that the
> copies he offered for sale were virtually identical to
> the copyrighted photos. Moreover, the only evidence in
> the record demonstrates that the copies offered for sale
> were unauthorized.

Order (#26) at p. 4. The court also noted that copying can be established without showing access, by showing that two works were so strikingly similar as to preclude possibility of independent creation. Although the court noted that the actual photos in this case have been destroyed and comparison is precluded, it also noted that despite defendant's protests that he did not make the copies he allegedly offered the copies for sale in violation of 17 U.S.C. § 106(3). Thus, defendant's arguments concerning access fail to demonstrate entitlement to summary judgment.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#35) is denied.

DATED this 29th day of September, 2005.

Michael R. Hogan
United States District Judge